Requestor: Robert D. Trotta, Esq., Town Attorney Town of North East P.O. Box 481 Millerton, New York 12546
Written by: James D. Cole Assistant Attorney General in Charge of Opinions
You have asked several questions relating to the powers of Conservation Advisory Councils and Conservation Boards.
The local legislative body of a city, town or village may create a Conservation Advisory Council to render advice in the development, management and protection of the municipality's natural resources. General Municipal Law § 239-x. Generally, the Council is responsible for identifying open land areas within the municipality, for obtaining information regarding the proper utilization of this land and for advising municipal officials regarding the recommended use of this land. Ibid.
The local legislative body of a municipality that has created a Conservation Advisory Council by resolution may designate it a Conservation Board, provided the Council has prepared and submitted to the local legislative body the open area inventory and map and that body has approved the inventory and map as the open space index of the municipality. Id., § 239-y(1)(c) and (2). Once established, "a conservation board shall" review applications seeking approval for the use or development of open land areas listed in the open space index submitted to the local legislative body, the building department, zoning board, planning board, board of appeals or other administrative body.Id., § 239-y(3)(a). The Board is required to submit, within 45 days of receipt of an application, a written report to the referring body evaluating the proposed use or development of the open area in terms of the overall planning objectives of the municipality. Ibid. The report must include recommendations as to the most appropriate use or development of the land and may include preferable alternate use proposals. Ibid.
First, you ask whether the opinions given by a Conservation Board are strictly advisory. Conservation boards are responsible for reviewing applications before other municipal bodies, involving land areas listed in the open space index, and to make recommendations as to the most appropriate use of that land. Id., § 239-y(3)(a). Thus, the Conservation Board's report is advisory.
Second, you ask whether opinions given by a Conservation Board will carry more weight than those given by the Conservation Advisory Council should municipal actions be challenged in a CPLR Article 78 action. Without any decisional law to guide us, we have no basis for making this assessment. It is inappropriate that we conjecture as to how a court might view this matter.
In response to your third question, in that a local legislative body establishing a Conservation Board must approve the open area inventory and map (id., § 239-y[1][c] and [2]) it follows that an amendment to the inventory and map must be similarly approved.
Finally, you ask whether a town may accept the Council's open area map as the official map even if it does not designate the Conservation Advisory Council as the Conservation Board. We believe that the town board may, consistent with the General Municipal Law, so designate the map. The State statute requires the approval of the map if a Conservation Board has been designated. It does not, however, prohibit a town board from approving the map should it decide not to designate a Council as a Conservation Board. In any event, in a prior opinion of this office, we concluded that a municipality by local law may amend or supersede the provisions of State law dealing with the powers and duties of Conservation Advisory Councils. Informal Opinion No. 90-54.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.